FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMANUEL ROY, | No. 2:24-cv-00306-RLP |
| Plaintiff, | ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS |
| vs. | |
| UBER TECHNOLOGIES, INC., RASIER, LLC, HIRERIGHT, INC., LYFT INC., | |
| Defendants. | |

BEFORE THE COURT are Plaintiff Emmanuel Roy's two Emergency Motions to Stay Arbitration, ECF Nos. 16 and 19, and Defendants Uber Technologies, Inc. and Raiser, LLC's (collectively "Uber") Motion to Dismiss, ECF No. 25. Mr. Roy is represented by Jolyon Wilson Morris. Uber is represented by Zana Zahra Bugaighis. The matters were submitted to the Court without oral argument.

Mr. Roy is a former rideshare driver for Defendants Uber and Lyft Inc. Mr. Roy sued Defendants in Spokane County Superior Court, and this dispute was

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 1

1  submitted to arbitration pursuant to Mr. Roy's contract with Uber. Mr. Roy then

2  filed the instant suit in this Court, arguing that an intervening United States

3  Supreme Court case exempts him from arbitration under the Federal Arbitration

4  Act (FAA), 9 U.S.C. § 1 et seq. On this basis, Mr. Roy asks for an injunction

5  staying arbitration pending the outcome of the instant action. Uber asks to dismiss

6  this case pursuant to the *Colorado River*[1] doctrine.

7       For the reasons discussed below, Uber's Motion to Dismiss is granted, and

8  Mr. Roy's motions are denied.

9                               BACKGROUND

10      Plaintiff Emmanuel Roy is a former rideshare driver with Defendants Uber

11 Technologies, Inc. and Lyft, Inc. ECF No. 1, ¶25. As an rideshare driver in

12 Spokane County, he alleges he regularly drove customers across state lines to and

13 from Washington and Idaho. ECF No. 1, ¶3. His contract[2] with Uber contained a

14 mandatory arbitration agreement. *Id*.; ECF No. 24-2 at 2-3, ¶¶5-6, at 24.

15      On May 3, 2023, Mr. Roy filed a lawsuit in Spokane County Superior Court

16 against Uber and three John Doe passengers, alleging Uber terminated his driver

17 account due to false allegations of drunk driving leveled by the passengers. ECF

18

19      [1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976).
20      [2] Defendant Raiser, LLC appears to be a subsidiary of Uber which executed the contract with Mr. Roy. ECF No. 1 at 2; ECF No. 23 at 2.

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 2

No. 1, ¶¶27-32. Mr. Roy later amended his complaint to name Lyft Inc. and HireRight, Inc. as Defendants, alleging Uber reported the false allegations to HireRight, who reported them to Lyft, who likewise terminated his rideshare account. *Id.*, ¶¶23-24.

On May 24, 2023, Uber filed a motion in state court to compel arbitration pursuant to the mandatory arbitration agreement with Mr. Roy. ECF No. 24-3. Mr. Roy resisted the motion, but the state court granted Uber's motion. ECF No. 24-4.

The state court appointed an arbitrator in October 2023. ECF Nos. 24-5; 24-6. Uber then filed a motion arguing the FAA applied to the arbitration. ECF Nos. 24-7; 24-8. The state court granted the motion. ECF No. 24-8.

In April 2024, with arbitration still not having occurred, the United States Supreme Court issued its decision in *Bissonnette v. LePage Bakeries Park St.*, LLC, 601 U.S. 246, 144 S. Ct. 905 (2024). ECF No. 1 at 6-7, ¶35. In September 2024, Mr. Roy filed a "Petition" initiating the instant action in this Court, asking for an "Order directing the Respondents to Show Cause why workers engaged in the transportation of people and goods across state lines are not exempt under the FAA following the ruling of the United States Supreme Court . . . in *Bissonnette*." ECF No. 1 at 7. In a separate, simultaneously filed "Memorandum of Law in Support of Order to Show Cause," Mr. Roy requests an order exempting him from arbitration, a declaration that the arbitration agreement is null and void, a stay of

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 3

the current arbitration pending the resolution of this case, and an order "certifying the question" of whether *Capriole v. Uber Techs., Inc.*, 7 F.4th 854 (9th Cir. 2021), was overruled by *Bissonnette*. ECF No. 2 at 13.

## STANDARD OF REVIEW

Uber moves under FRCP 12(b)(6) to dismiss Mr. Roy's suit. Uber supports this motion with extrinsic evidence in the form of a declaration from counsel and exhibits. ECF No. 26. Therefore, per FRCP 12(d) Uber's motion must be treated as one for summary judgment under FRCP 56.

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

## ANALYSIS

Uber asks the Court to deny Mr. Roy's motions for an injunction and dismiss this case pursuant to the *Colorado River* doctrine. The Court agrees.

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 4

Under the *Colorado River* doctrine, district courts have discretion to decline to exercise jurisdiction over a case for damages based on the following factors:

>    (1) which court first assumed jurisdiction over any property at stake;
>    (2) the inconvenience of the federal forum;
>    (3) the desire to avoid piecemeal litigation;
>    (4) the order in which the forums obtained jurisdiction;
>    (5) whether federal law or state law provides the rule of decision on the merits;
>    (6) whether the state court proceedings can adequately protect the rights of the federal litigants;
>    (7) the desire to avoid forum shopping; and
>    (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19, 96 S. Ct. 1236.

The first two *Colorado River* factors in this case are irrelevant because this case does not involve a specific piece of property, and both the federal and state forums are located in Spokane. *See R.R. St.*, 656 F.3d at 979.

*Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l*

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS \* 5

*Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance." *R.R. St.*, 656 F.3d at 979. "Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." *Id*. (citation and internal quotation marks omitted).

The state court has already determined Mr. Roy's dispute is arbitrable, and that the FAA applies. Mr. Roy contends that the issue presented by this suit is novel because it involves the applicability of an intervening Supreme Court case, *Bissonnette*. The Court disagrees. New judicial opinions are a constant feature of the American judicial system. There would be substantial interference with the functioning of state courts if matters decided by those courts could be re-visited in federal court simply because a litigant contends some new Supreme Court case interferes with the state court's prior decision.

The fact Mr. Roy believes new law affects his case does not mean the state court has not already considered and determined the issues he presents to this Court. Mr. Roy asks this Court to engage in piecemeal litigation by issuing a new ruling contradicting a prior ruling the state court. The Court declines to do so. If Mr. Roy believes the state court's rulings are inconsistent with *Bissonnette*, he

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 6

must seek relief in that court, not federal court. This factor strongly favors dismissal of this action.

*Priority of Jurisdiction*

The state court action here has been going on since May 2023. The issue of arbitrability has been decided once, and the parties have been referred to arbitration. Arbitration has apparently proceeded, albeit haltingly, to the precipice of a full hearing. Meanwhile, the instant action has only proceeded to applications for an emergency injunction and a motion to dismiss. This factor also favors a dismissal.

*Law of Decision on the Merits*

Mr. Roy's underlying action against Defendants consists of state law claims, but the issue presented for review here is whether this dispute is arbitrable under the FAA per *Bissonnette*. Federal courts have an interest in determining the arbitrability of actions under the FAA. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-26, 103 S. Ct. 927 (1983). This factor therefore weighs against dismissal.

While the Court declines to reach the issue of whether *Bissonnette* overruled *Capriole* or exempts Uber drivers from the FAA, the Court nevertheless notes that *Bissonnette* appears to be inapplicable here. The limited issue in *Bissonnette* was whether an employer must be engaged in the transportation industry in order for an

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 7

employee to qualify as a transportation worker for the purposes of the FAA. 601 U.S. at 254-56, 144 S. Ct. 905. Uber drivers like Mr. Roy are self-employed. *See* ECF No. 24-2 at 11-12. Thus, the analysis laid out in *Bissonnette* is inapplicable.

*Whether State Court can Adequately Protect the Rights of the Litigants*

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. Street*, 656 F.3d at 981. "[H]owever, this factor is more important when it weighs in favor of federal jurisdiction." *Id.* (internal quotation marks omitted); *see also Moses H. Cone*, 460 U.S. 1 at 26-27, 103 S. Ct. 927 (dismissal not warranted where FAA prevented state court from issuing an arbitration order, requiring the parties to seek order from the federal court).

The state court has demonstrated itself to be perfectly capable of protecting the rights of the litigants, having already considered the issue of arbitrability and the applicability of the FAA. Therefore, this factor does not weigh against a dismissal.

*Forum Shopping*

"Forum shopping refers to '[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard.'" *R.R. Street*, 656 F.3d at 981 (quoting *Black's Law Dictionary* (9th ed. 2009)). "To avoid forum shopping, courts may consider 'the vexatious or reactive nature of either the federal or the

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 8

state litigation.'" *Id*. (quoting *Moses H. Cone*, 460 U.S. at 17 n.20, 103 S.Ct. 927). This presence of this factor can support the stay or dismissal of a federal action. *Id*.; *see also Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir.1989) (affirming *Colorado River* stay where plaintiff brought claims in federal court after three and a half years of litigating in state court); *Am. Int'l Underwriters*, 843 F.2d at 1255-56 (affirming *Colorado River* dismissal after filing in state court, plaintiff brought suit in federal court to avoid the state court's unfavorable evidentiary rules).

Mr. Roy's decision to file this case in federal court is a blatant attempt at forum shopping. The state court previously considered the issues presented by this suit and gave Mr. Roy an unfavorable ruling. Instead of moving for relief from that order, Mr. Roy has filed a new action in federal court. The timing of Mr. Roy's federal action strongly suggests forum shopping. Mr. Roy filed this action months after the *Bissonnette* decision. Mr. Roy only began prosecuting this federal action by filing his first motion for an injunction the day after the arbitrator informed him that no further delay to arbitration would be forthcoming. ECF No. 24-10.

Mr. Roy's attempt to forum shop and use this Court as a means delay to ongoing arbitration proceedings strongly supports dismissal under the *Colorado River* doctrine.

*Whether State Court Proceedings Will Resolve All Issues Before the Federal Court*

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 9

"[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). A federal court may only stay or dismiss a parallel federal action if it has "full confidence" the parallel state proceeding will end the litigation. *Id*. (internal quotation marks omitted) (stay inappropriate because state proceeding would not resolve all issues in case, meaning there was a good chance federal court would have to decide case eventually); *see also Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1985) (granting stay in part because "one can predict with some confidence that the state court litigation will probably eliminate the need for any further proceedings in federal court").

This factor has also been described as a requirement that the two actions must be substantially similar for the state court to be able to resolve all issues before the federal court. *R.R. Street*, 656 F.3d at 982; *Nakash*, 882 F.2d at 1416. Exact parallelism is not required. *Id*.

The issue before this Court is arbitrability and whether the FAA applies to this dispute. The state court has already successfully determined these issues. While Mr. Roy argues the state court has not determined the applicability of *Bissonnette*, exact parallelism is not required. The issue of arbitrability has

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 10

previously been raised before the state court and could be raised again. Thus, the two actions are substantially similar.

There is no reason to believe the arbitrator or the state court will not be able to resolve all issues and end litigation. The Court has full confidence the state court is capable of resolving all issues and ending litigation. Therefore, this factor does not weigh against dismissal.

Colorado River *Analysis*

Here, factors three (piecemeal litigation), four (priority of jurisdiction), and seven (forum shopping) weigh strongly in favor of dismissal. Factor five (law of decision on the merits) weighs against dismissal. The remaining factors do not counsel for or against dismissal.

On the balance, the Court finds that dismissal pursuant to the *Colorado River* doctrine is warranted in this case.

As demonstrated by factor seven, the instant federal action is an attempt by Mr. Roy to avoid and delay arbitration. Litigation in this case has been occurring for almost two years, and arbitration nearly that long. For several months now, Mr. Roy has used the existence of this action to avoid and delay the quick and easy resolution of his case through arbitration.

Moreover, Mr. Roy requests this Court to "overrule" decisions of the state court, as opposed to properly seeking relief there. To exercise jurisdiction over this

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 11

case would legitimize Mr. Roy's attempt to use federal court as a quasi-appellate court to seek review of state court rulings he believes are erroneous. To allow litigants to use federal courts in this manner would seriously interfere with the functioning of state courts. For the above reasons, the Court declines to exercise jurisdiction, and finds dismissal of this case pursuant to *Colorado River* doctrine is warranted.

**IT IS ORDERED:**

1. Mr. Roy's Ex-Parte Emergency Motions to Stay Arbitration, **ECF Nos. 16 and 19**, are **DENIED**.

2. Defendants Uber Technologies Inc. and Raiser, LLC's Motion to Dismiss, **ECF No. 25**, is **GRANTED**.

3. All of Plaintiff's claims against all Defendants are **DISMISSED with prejudice**.

4. The Clerk is directed to enter judgment for the Defendants.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, close the file, and provide copies to the parties.

DATED March 27, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS FOR A STAY AND MOTION TO DISMISS * 12